**NOT FOR PUBLICATION**



FILED

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANCI CARMINA CORVERA-ARIAS; KEIRY STEFANIE MENDOZA-CORVERA, AKA Katey Stefanie Mendoza-Corvera; YANCI MICHELLE MENDOZA-CORVERA,<br><br>        Petitioners,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   17-73469<br><br>Agency Nos.     A206-797-271<br>                       A206-797-272<br>                       A206-797-273<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2020**

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioners Yanci Carmina Corvera-Arias and her minor children seek

review of the Board of Immigration Appeals' order dismissing their appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition.

The IJ found Corvera-Arias's testimony not credible and the BIA adopted and affirmed this decision. We review an adverse credibility finding for substantial evidence. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). Corvera-Arias's account of her flight from her abusive partner contained a significant inconsistency. She testified that she lived with her abusive partner until just several days before fleeing El Salvador, but her application for asylum stated that she had lived with her sister for the five months preceding her flight from the country. When reminded of what had been stated in the application for asylum, Corvera-Arias confirmed she had lived with her sister for five months. The IJ requested an explanation for the inconsistency and found Corvera-Arias's answer of memory loss unsatisfactory, given that she had provided detailed accounts of events that had happened years before. The IJ was not required to accept Corvera-Arias's explanation. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). Substantial evidence supported the IJ's adverse credibility determination and thus the denial of asylum and withholding of removal.

We also review a denial of CAT relief for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). "[W]hen the petitioner's testimony is

found not credible, to reverse the BIA's decision denying CAT protection, we would have to find that the [country conditions] reports alone compelled the conclusion that the petitioner is more likely than not to be tortured." *Id.* at 1048–49 (internal quotation marks omitted). The reports here do not compel such a conclusion. Among other things, they note that the government of El Salvador has criminalized domestic violence and thus does not acquiesce in such conduct. *See Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007) ("A petitioner seeking CAT relief must show that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government."). Substantial evidence supported the denial of CAT protection.

    **PETITION FOR REVIEW DENIED**.